[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  19-10327
Non-Argument Calendar
_____

D.C. Docket No. 0:02-cr-60200-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR GARRY BAXTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 27, 2019)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges

PER CURIAM:

Victor Garry Baxter appeals from the district court's October 25, 2017 order

denying his motion for relief from judgment, filed in his criminal case under Federal Rule of Civil Procedure 60(b), which challenged the imposition of a monetary fine as part of his sentence.  Baxter did not file the notice of appeal that is now before us until January 16, 2019.  In response to our jurisdictional question, however, which concerns whether the instant appeal is criminal or civil in nature, Mr. Baxter asserts that he filed a timely notice of appeal from the denial of his Rule 60(b) motion on October 29, 2017.  Because we conclude that Baxter's October 29, 2017, filing was not a proper notice of appeal—and, therefore, that his January 16, 2019, filing constitutes the operative notice of appeal—we grant the government's motion to dismiss this appeal as untimely.

Federal Rule of Appellate Procedure 3(c)(1) imposes on notices of appeal a three-part requirement:  The notice must contain the party taking the appeal, designate the judgment or order being appealed, and name the court to which the appeal is being taken.  Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001); Fed. R. App. P. 3(c)(1).  These requirements are liberally construed, see Smith v. Barry, 502 U.S. 244, 248 (1992), just as we liberally construe pro se filings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  Indeed, a pro se notice of appeal that provides the functional equivalent of what Rule 3(c)(1) requires and reflects clear intent to appeal may therefore be construed as a notice of appeal.  See Rinaldo, 256 F.3d at 1278–80 (11th Cir. 2001).

2

Baxter contends that the document he filed on October 29, 2017, entitled "OBJECTIONS TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT AND ORDER PURSUANT TO FED. R. [CIV.] P. 60(B)(1)(6) AND/OR NOTICE OF AN APPEAL," constitutes the functional equivalent of a notice of appeal. Accordingly, he concludes, he timely appealed the district court's order.

We disagree. Even under a liberal construction of both pro se pleadings and notices of appeal, the document Baxter identified clearly falls short of Rule 3(c)(1)'s requirements. There are two primary reasons why this is so. First, the filing does not designate the court to which the appeal is being taken. See Fed. R. App. P. 3(c)(1)(B)–(C). This failure, far from being a nitpicky criticism on our part, is fatal in itself—"the purpose of this requirement is to ensure that the filing provides sufficient notice to other parties and the courts." Barry, 502 U.S. at 248. Indeed, the filing in question does not indicate whether Baxter intended to appeal to us or to file a successive motion for reconsideration before the district court. Though Baxter may have subjectively intended to appeal to us, "the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." Id. at 248–49.

Second, and relatedly, the title of the document similarly fails to evince a clear intent to appeal. It is titled "OBJECTIONS . . . AND/OR NOTICE OF AN

3

APPEAL." The use of "and/or" identifies three possible paths that Baxter may have intended to take—as mentioned previously, it may indicate an intent to "appeal" in the form of (1) requesting the district court reconsider or (2) appealing to us directly, *or* (3) solely raising objections to the district court's order. The partial indication of an intent to appeal, though certainly more than provided by the prospective appellant in United States v. Padgett, 917 F.3d 1312, 1316–17 (11th Cir. 2019), is simply insufficient under our precedent and the plain language of Rule 3(c)(1). Moreover, we find the previous procedural history before the district court instructive. Even though this filing is titled similarly to the notice of appeal that was accepted in Document 326 ("Notice of Appeal and/or Defendant's Objections to Government's Response Pursuant to [Fed. R. Crim. P.] 36"), that filing explicitly asked for the filing to be treated as a notice of appeal.

Third, the document in question failed to identify the "judgment, order or part thereof appealed from[.]" Fed. R. App. P. 3(c)(1)(B). Baxter only mentioned the government's response to his Rule 60(b) motion, not the district court's denial of Rule 60(b) relief. Depending on the context in which the document was filed, it is certainly possible that we could infer which order was being appealed. However, the context here—specifically, Baxter's voluminous record of appeals and filings—cautions against such an inference.

4

In sum, we conclude that the document filed by Baxter on October 29, 2017, was not a proper notice of appeal under Rule 3(c)(1).  Accordingly, we read his January 16, 2019, filing as his operative notice of appeal.  As a result, the government's motion to dismiss is due to be granted because this operative notice is untimely.  See Fed. R. App. P. 4(b)(1)(A)(i); Hamer v. Neighborhood Hous. Servs. of Chi., 138 S. Ct. 13, 21 (2017).  Because this appeal is criminal in nature, we are bound to apply the time limit set forth in Rule 4(b)(1)(A)(i).  See United States v. Lopez, 562 F.3d 1309, 1312–14 (11th Cir. 2009).

Accordingly, the government's motion to dismiss is **GRANTED** and this appeal is **DISMISSED**.