[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10829
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00099-WS-MU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ROOSHON OSBORNE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(November 12, 2020)

Before WILSON, MARTIN, and LAGOA, Circuit Judges.

PER CURIAM:

Mario Osborne appeals his conviction and 262-month sentence for possession with intent to distribute crack cocaine. Osborne argues that he received ineffective assistance of counsel because his counsel persuaded him to plead guilty by affirmatively misinforming that he would not receive more than a term of 120-months imprisonment. Osborne asserts that the record is sufficiently developed to review this claim on direct appeal because the district court held an evidentiary hearing, at which he and his former attorney testified, on his claim of ineffective assistance of counsel for failing to file a notice of appeal. We remand for further proceedings.

We review *de novo* an ineffective-assistance claim, which is a mixed question of law and fact. *Caderno v. United States*, 256 F.3d 1213, 1216-17 (11th Cir. 2001). A defendant raising an ineffective-assistance claim must show both that (1) counsel's performance was constitutionally deficient, *i.e.*, that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove prejudice in the context of a guilty plea, a defendant must show a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

2

In most instances, a 28 U.S.C. § 2255 motion to vacate is preferable to a direct appeal for deciding ineffective-assistance-of-counsel claims because the factual basis for such claims is almost never developed before a direct appeal but can be established in the district court on collateral review. *United States v. Padgett*, 917 F.3d 1312, 1316-17 (11th Cir. 2019). Nevertheless, we will consider an ineffective-assistance claim on direct appeal where the record is sufficiently developed. *United States v. Camacho*, 40 F.3d 349, 355 (11th Cir. 1994), *overruled in part on other grounds by United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001). "[A] claim of ineffective assistance of counsel may not be raised on direct appeal where the claim has not been heard by the district court nor a factual record developed." *United States v. Khoury*, 901 F.2d 948, 969 (11th Cir. 1990).

Here, Osborne filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging that he received ineffective assistance of trial counsel. Specifically, he contends that Thomas advised him that he would only receive 10 years if he signed the plea agreement and that Thomas failed to file a notice of appeal despite Osborne's request.

At an evidentiary hearing, Thomas testified that he and Osborne calculated that 10 years would be the low-end of the possible Guidelines sentencing range but they "knew that there was the possibility of the Government pursuing [a] career offender [enhancement]." Thomas also testified that the possibility of a longer

sentence due to an adjudication as a career offender "was certainly a concern . . . that [Osborne and Thomas] discussed." Osborne, by contrast, testified that he signed the plea agreement after Thomas promised him that he would not receive more than 120-months imprisonment.

The magistrate judge who presided over the evidentiary hearing did not make a finding as to whether Thomas made such a promise. Instead, the Report and Recommendation found that Thomas was ineffective as trial counsel by virtue of his failure to file a notice of appeal for Osborne. The district judge adopted the magistrate judge's Report and Recommendation, vacated the prior judgment and entered an identical judgment, imposing the same 262-month sentence so that Osborne's time to file a notice of appeal would begin anew. The sentence accounted for Osborne's designation as a career criminal. Additionally, the district judge dismissed without prejudice the other claims the motion raised. Osborne filed a timely appeal.

On appeal, Osborne argues that Thomas was ineffective as trial counsel. Specifically, he asserts that Thomas "affirmatively misinformed him that his sentence would not exceed 10 years" if he pleaded guilty. The government argues that this Court does not have a sufficient basis to review the claim that Thomas was ineffective counsel when explaining the consequences of the plea agreement because Osborne first raised the claim during the pendency of his § 2255 motion and the

4

district court did not directly reach that argument. Osborne, by contrast, argues that the evidentiary hearing still provides enough of a record for this Court to decide the matter before it.

We conclude that neither party is correct. While the magistrate judge held an evidentiary hearing that provided relevant testimony on this issue, the hearing's focus and the judicial factual findings made afterward related only to the denial-of-appeal claim. At the evidentiary hearing, however, Thomas testified that he discussed the terms of the plea with Osborne before the latter signed it. While Thomas conceded that Osborne expected his sentence to be the 10-year statutory minimum, Thomas testified that they "knew that there was the possibility of the Government pursuing career offender [status]." According to Thomas, it "was certainly a concern . . . that [he and Osborne] discussed." Osborne, by contrast, testified that the 10-year sentence was more than just an expectation. Osborne testified that Thomas "said I promise you that it wouldn't go over 120 months. You got my word."

Because there is conflicting evidence in the record regarding whether Osborne's counsel promised him a 10-year sentence and because the district court is "in the best position to make credibility choices among various pieces of testimony . . . ." *United States v. Reeves*, 742 F.3d 487, 507 (11th Cir. 2014), we remand this

case to the district court in order to determine whether Thomas advised Osborne that he could receive a sentence longer than the 10-years sentence that Osborne expected.

**REMANDED FOR FURTHER PROCEEDINGS.**