[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13900
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cr-00017-BJD-PDB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARAFAT ALJUBEH,
a.k.a. Abu Feras,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 2, 2021)

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Arafat Aljubeh appeals his conviction for money laundering conspiracy in violation of 18 U.S.C. § 1956(h). He argues that his counsel provided ineffective assistance by giving him incorrect advice regarding the immigration consequences of his guilty plea. Alternatively, he argues that his plea was not knowing and intelligent because he was affirmatively misinformed at the plea hearing of the immigration consequences of his plea. We affirm.

## I.

"Whether a criminal defendant's trial counsel was ineffective is a mixed question of law and fact, subject to *de novo* review." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). Because Aljubeh did not raise any objection concerning his Rule 11 plea colloquy before the district court, we review his challenge to the validity of his guilty plea for plain error. *See United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).

## II.

### A.

Criminal defendants have the right to assistance of counsel in their defense, and the right to counsel is the right to effective assistance of counsel. *See* U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's performance so undermined the proper functioning of the adversarial

2

process" that the proceedings cannot be relied on as having produced a just result. *Strickland*, 466 U.S. at 686. To make such a showing, a party must establish that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Id.* at 687.

To show deficient performance, a defendant must demonstrate that "no competent counsel would have taken the action that" the defendant's counsel took. *United States v. Freixas*, 332 F.3d 1314, 1319–20 (11th Cir. 2003) (citation omitted). When the deportation consequences of a defendant's conviction are "truly clear," defense counsel has a duty to provide correct advice regarding the risk of deportation. *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). When the relevant law "is not succinct and straightforward," however, defense counsel "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.*

Given the fact-bound nature of ineffective-assistance claims, we generally do not consider them when the district court has not had an opportunity to hear the claim and develop the necessary factual record. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019). Instead, a 28 U.S.C. § 2255 motion is the preferred vehicle for an ineffective assistance of counsel claim because the factual basis can be established during the collateral attack. *Id.* That is so even if the record on appeal "contains some indication of deficiencies in counsel's performance."

3

*United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

Here, contrary to Aljubeh's assertions, the facts necessary to resolve his ineffective-assistance claim are not plain from the face of the Rule 11 plea hearing transcript. For instance, it is not at all clear that defense counsel affirmatively misled him about the immigration consequences of his guilty plea, as Aljubeh claims, or even that counsel provided incorrect advice. Although counsel's explanation to the district court was somewhat muddled and even apparently self-contradictory at times, the upshot was that Aljubeh had consulted with immigration counsel and defense counsel understood, based on their discussions with Aljubeh about that consultation, that Aljubeh "is deportable, but he cannot be deported for other reasons." Co-counsel for the defense explained that Aljubeh understood from immigration counsel that because he was "a Palestinian who obtained refugee status because he was cooperating with the Israeli government," he was "exempt from removal." The government volunteered that it had inquired with an immigration agent about Aljubeh's status and learned that he had not been deported because he was a citizen of Palestine, so there was "no country to deport him to." These explanations are not inconsistent with the probation officer's report that "[a]ccording to immigration authorities," Aljubeh "will not be deported in

4

response to this offense" in light of a previous withholding of removal and "the current political climate in Palestine."

Several unresolved factual questions relevant to Aljubeh's ineffective-assistance claim come to mind, including the nature of the advice Aljubeh received from immigration counsel, and whether the Immigration and Customs Enforcement agency has in fact announced that Aljubeh will not be deported as a consequence of his most recent conviction. After all, although the Attorney General may deport an alien convicted of a money laundering crime involving more than $10,000—and Aljubeh's defenses to removal would be very limited at this stage—nothing in the relevant immigration statute requires it to do so. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). In short, we decline to consider Aljubeh's ineffective-assistance-of-counsel claim on direct appeal because it requires additional factual development more appropriately accomplished through a § 2255 motion. *See Patterson*, 595 F.3d at 1329.

B.

Aljubeh also argues that his guilty plea was not knowing and intelligent because he was affirmatively misled about the immigration consequences of his plea during the Rule 11 change-of-plea hearing. Because Aljubeh did not raise this issue in the district court proceedings, we may vacate his plea only if we conclude that the district court plainly erred in accepting his plea, and that the error affected

5

Aljubeh's substantial rights—meaning, in this context, that Aljubeh would not have pleaded guilty in the absence of the alleged error. *United States v. Rodriguez*, 751 F.3d 1244, 1251–52 (11th Cir. 2014).

Before accepting a defendant's guilty plea, a district court must conduct an inquiry into whether the defendant's plea is knowing and voluntary. *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000); *see* Fed. R. Crim. P. 11(b). In conducting this inquiry, the court must address three "core concerns" underlying Rule 11: (1) whether the plea is free from coercion; (2) whether the defendant understands the nature of the charges; and (3) whether the defendant understands the consequences of the guilty plea. *Hernandez-Fraire*, 208 F.3d at 949. Regarding the third "core concern," Rule 11 provides that the court must inform the defendant during the plea proceeding, and determine that the defendant understands (among other things), "that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future." Fed. R. Crim. P. 11(b)(1)(O). This provision requires that the court give only "a general statement that there may be immigration consequences, not specific advice concerning a defendant's individual situation." *Id.*, advisory committee's note to 2013 amendment.

We find no plain error in the Rule 11 colloquy here, or in the district court's decision to accept Aljubeh's guilty plea. During the change of plea hearing, the magistrate judge inquired of counsel whether there were immigration concerns in Aljubeh's case and heard from both defense counsel and the government, in Aljubeh's presence, about their understanding of the immigration consequences of his guilty plea. As we have explained, it is not plain from this record that counsel misled Aljubeh about the effect of his conviction on his immigration status as he claims. The magistrate also addressed Aljubeh directly, explaining that the court wanted to ensure that he had "fully investigated and understood any immigration consequences to pleading guilty" and confirming that Aljubeh had "talked to immigration lawyers who ha[d] advised [him] what the effect of a guilty plea would be." We reject Aljubeh's contention that this colloquy shows plain error or demonstrates that his guilty plea was not knowingly and intelligently entered.

## III.

For the foregoing reasons, we decline to review Aljubeh's claim that he received ineffective assistance of counsel, and we affirm his conviction and sentence.

**AFFIRMED.**