[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 21-12029

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MIGUEL ANTHONY MOLINA,
a.k.a. Pito,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:10-cr-00407-JSM-AEP-1

_____

Before JORDAN, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Miguel Anthony Molina, a federal prisoner proceeding *pro se*, appeals the district court's denial of his post-judgment motion "to correct the docket" entry for his notice of appeal as to several other substantive post-judgment motions and motion for reconsideration of the denial of that motion. On appeal, Molina argues: (1) that the district court's mischaracterization of his notices of appeal rendered the orders concerning his other substantive motions unappealable; and, (2) for the first time on appeal, that the district court violated his statutory and constitutional due process rights. After careful review, we affirm.

We review *de novo* the district court's application of Federal Rule of Criminal Procedure 36. *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016). Federal courts may "look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). However, all litigants must comply with the applicable procedural rules, and we will not "serve as *de facto* counsel for a party or . . . rewrite an otherwise deficient pleading in order to sustain an action." *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019) (quotations omitted).

In a criminal case, arguments brought for the first time on appeal are reviewed for plain error only. *See United States v. Anderson*, 1 F.4th 1244, 1268 (11th Cir. 2021). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* We will not reverse when an error is harmless. *See United States v. Barton*, 909 F.3d 1323, 1337 (11th Cir. 2018). An error is harmless unless "there is a reasonable likelihood that [it] affected the defendant's substantial rights." *United States v. Hawkins*, 905 F.2d 1489, 1493 (11th Cir. 1990).

Federal Rule of Appellate Procedure 3 requires that a party seeking to appeal designate the "judgment -- or the appealable order -- from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). We have held that when a notice of appeal designates the final, appealable order without identifying specific parts of that order for appeal, we have "jurisdiction to review that order and any earlier interlocutory orders that produced the judgment." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 724–25 (11th Cir. 2020).

Once a district court imposes a term of imprisonment, it may not modify that sentence except under certain circumstances. These circumstances include, in relevant part: (1) on remand after an appeal, and (2) to reduce the sentence under the terms of 18

U.S.C. § 3582(c) (governing motions for compassionate release, substantial assistance, and sentencing ranges lowered after the defendant's sentencing by the Sentencing Commission). *United States v. Diaz-Clark*, 292 F.3d 1310, 1315–16 (11th Cir. 2002); 18 U.S.C. § 3582(b), (c).

Nevertheless, under Rule 36, a district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. We have stressed that Rule 36 "may not be used to make a substantive alteration to a criminal sentence." *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (quotations omitted). Instead, it is a remedy to correct errors that are "minor and mechanical in nature." *Id.* at 1165.

Here, the record reflects that in April 2021, Molina filed a notice of appeal ("Notice 1"), in which he designated the orders denying his "motion to dismiss (DKT. 103) and motion to consider (DKT. 107) the denial of the motion to dismiss" as the orders appealed from. The district court, however, docketed Notice 1 as a notice of appeal from the orders denying his motion to dismiss, *and*, citing the entry from doc. 110, "*reconsideration of its order denying compassionate release.*" The Clerk's Office of our Court docketed that as Appeal No. 21-11291. Subsequently, Molina filed another notice of appeal ("Notice 2") designating, for review, the orders denying his "Compassionate Release (DKT. 105) [motion], and [the] motion for reconsideration that was denied on April 14,

2021 (DKT. 110)." The district court designated that document as an "amended notice of appeal" in Appeal No. 21-11291.

Molina then moved the district court to correct the docket entry reflecting his amended notice of appeal, claiming that the court had essentially made the order denying his motion to dismiss and any related orders unappealable. When the district court denied his motion to correct the docket entry, Molina appealed again to our Court, and our Clerk's Office docketed that appeal as Appeal No. 21-12029. Our Court later consolidated Molina's two appeals -- Nos. 21-11291 and 21-12029 -- into the one currently before us.

All of this is to say that the district court made a clerical error in the designation of the docket entries corresponding to Molina's notices of appeal. Specifically, the district court designated the docket entry of Notice 1 as appealing from the order denying the motion to dismiss (which was correct), as well as the order denying compassionate release (which was incorrect). However, based on the actual notices of appeal he filed, Molina intended his first notice of appeal to challenge the order denying the motion to dismiss and any related orders, and he did not appeal from the order denying compassionate release until he filed the *second* notice of appeal. On this record, the district court appears to have erred in denying Molina's motion "to correct the docket," which was properly construed as a motion to correct a clerical error under Rule 36. *See* Fed. R. Crim. P. 36; *Jordan*, 915 F.2d at 624–25.

Nevertheless, any error the district court may have committed in denying Molina's Rule 36 motion was harmless. *See*

*Hawkins*, 903 F.2d at 1493.  For starters, Notices 1 and 2 -- as opposed to the text of the corresponding docket entries -- identified the denial of his motion to dismiss and his motion to vacate and the denial of his compassionate release motion and his motion for reconsideration, respectively, as the orders appealed from.  *See Auto. Alignment & Body Serv., Inc.*, 953 F.3d at 724–25.  Notably, we obtain our jurisdiction according to Federal Rule of Appellate Procedure 3 based on the designation of the notice of appeal by the appellant, not the text of the corresponding docket entry.  *See* Fed. R. App. P. 3(c)(1)(B).  Thus, after the consolidation of Appeal Nos. 21-11291 and 21-12029, we have jurisdiction to consider Molina's arguments as to *all* of the rulings he appealed from.  As a result, any clerical error concerning the text of the district court's docket entries was harmless.

Moreover, Molina did not argue before the district court that clerical errors associated with his notices of appeal violated his statutory and constitutional due process rights.  This means that we only review this argument -- made for the first time on appeal -- for plain error.  *See Anderson*, 1 F.4th at 1268.  But, because any error made by the district court was harmless, we need not address Molina's statutory and due process claims on appeal.

Accordingly, we affirm the district court's orders denying Molina's Rule 36 motion and for reconsideration of the denial of that motion.

**AFFIRMED.**