[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13982

Non-Argument Calendar

_____

DAVID LEE MOORE,
a.k.a. Tugaya Shabaka, Tugaya Shabaka,

Plaintiff-Appellant,

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS,
in their official and individual capacities, for
injunctive and declaratory relief only,
RICKY D. DIXON,
in his individual capacity, for compensatory
and punitive damages only,
CORPORATION PARTNER AND PARENT COMPANY
CENTURION,
in their official and individual capacities, for

compensatory and punitive damages,
WARDEN LANE, SWCI-M.U., in their official
and individual capacities, for compensatory
and punitive damages,
CENTURION LLC OF FLORIDA,
Medical Provider(s) for Florida Prisoner,
in their official and individual capacities, for
compensatory and punitive damages, et al.,

                                        Defendants-Appellees.

————————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cv-00977-BJD-PDB

————————————————————

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Prisoner David Lee Moore, proceeding pro se, brought suit alleging deliberate indifference to his serious medical needs. The district court dismissed his complaint sua sponte under 28 U.S.C. § 1915(g). Fourteen days later, Moore filed a Rule 59(e) motion for reconsideration of that order, which the district court denied on October 4, 2022. Moore then filed a Rule 60(b) motion, which reasserted the arguments in his motion for reconsideration. The

district court again denied his motion on November 2, 2022. Moore filed a notice of appeal sixteen days later.[1]

To the extent Moore appeals the district court's order dismissing his complaint, we dismiss for lack of jurisdiction. A party in a civil suit must file a notice of appeal "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). A Rule 59(e) or Rule 60(b) motion filed within 28 days after the judgment or order being appealed tolls that thirty-day appeal period, but subsequent postjudgment motions "based upon the same grounds" do not. *Ellis v. Richardson*, 471 F.2d 720, 721 (5th Cir. 1973); Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e).[2]

Here, Moore's Rule 59(e) motion tolled the thirty-day appeal period for the district court's dismissal order—but his Rule 60(b) motion, which was filed more than 28 days after the dismissal and reiterated the same arguments, did not. That means that Moore's thirty-day period to appeal the dismissal order began on October 4, 2022, when the district court denied his Rule 59(e) motion. Because Moore's notice of appeal was filed more than thirty days after that order, it was untimely as to the order

---

[1] Moore's notice of appeal could be construed as appealing one or all of the district court's orders. Because we construe Rule 3's requirements liberally, especially for pro se litigants, we will consider Moore as appealing all three of the district court's orders. *See United States v. Padgett*, 917 F.3d 1312, 1316 (11th Cir. 2019).

[2] Decisions by the Fifth Circuit on or before September 30, 1981, are binding precedent on this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

dismissing his complaint. We accordingly dismiss Moore's appeal to the extent it seeks review of the district court's dismissal order.

Moore's appeal was timely, however, with respect to the district court's orders denying his postjudgment motions. Denials of Rule 59(e) and 60(b) motions are appealable as final orders. *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 743 n.25 (11th Cir. 2014). Moore's Rule 60(b) motion, which was filed less than 28 days after the denial of his Rule 59(e) motion, tolled the time to appeal the district court's denial of his Rule 59(e) motion. Because Moore's notice of appeal was filed within thirty days of the district court's order denying his Rule 60(b) motion, we have jurisdiction to review both orders denying Moore's postjudgment motions. *See Cano v. Baker*, 435 F.3d 1337, 1341 (11th Cir. 2006).

Turning to the merits, we affirm the district court's denials of Moore's Rule 59(e) and Rule 60(b) motions. We review both denials for abuse of discretion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Willard v. Fairfield S. Co.*, 472 F.3d 817, 821 (11th Cir. 2006). The district court dismissed Moore's complaint under 28 U.S.C. § 1915(g), which prohibits a prisoner who has previously had three or more meritless suits from bringing additional civil action under § 1915—"unless the prisoner is under imminent danger of serious physical injury." On appeal, Moore claims that the district court misconstrued his complaint and ignored his allegations of an imminent threat of physical harm.

The district court did not abuse its discretion in denying Moore's postjudgment motions. The court's conclusion that

22-13982              Opinion of the Court                    5

Moore's complaint alleged only past harm is supported by the record—Moore's complaint discusses allegedly botched surgeries and failures to deliver his medication, but does not allege any future or imminent injuries arising from those past lapses. While Moore raises various arguments and allegations of imminent physical harm in his postjudgment motions and on appeal, those arguments were not the bases of his complaint and thus do not show error by the district court. *See Arthur*, 500 F.3d at 1343. We therefore affirm the district court's denials of Moore's postjudgment motions.

     **DISMISSED** in part and **AFFIRMED** in part.