[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12825

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LAQUISHA MCFARLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cr-00005-TKW-3

_____

Before BRANCH, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Laquisha McFarland, proceeding *pro se*, appeals from the district court's order striking her supplemental reply and denying her motion for summary judgment after the district court denied her motion for compassionate release.  In response, the government moves for summary affirmance, arguing that McFarland's brief on appeal fails to address the issues raised in her notice of appeal and that she thus has abandoned them.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion.  11th Cir. R. 31-1(c).

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).  After eligibility is established, we will review the district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion.  *Id*.  We may

affirm on any ground supported by the record. *United States v. Thomas*, 32 F.4th 1073, 1077 (11th Cir. 2022).

We construe *pro se* filings liberally, but all litigants must comply with the applicable procedural rules. *See United States v. Padgett*, 917 F.3d 1312, 1316 n.3, 1317-18 (11th Cir. 2019). A district court has inherent power to strike a pleading as part of its authority to enforce its orders and promptly resolve legal disputes. *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). We review the district court's decision to strike a pleading for abuse of discretion. *Id.*

Where a district court judgment is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against her is incorrect. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If an appellant fails to challenge on appeal one of the independent grounds for the district court's judgment, she has abandoned any challenge of that ground, and the judgment is due to be affirmed. *Id.*

An issue not raised on appeal will be deemed abandoned and will only be addressed in extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 872-73 (11th Cir. 2022) (*en banc*). A party fails to adequately brief a claim when she does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims. *Sapuppo*, 739 F.3d at 680. Abandonment of a claim or issue can also occur when the passing references to it are made in the "statement of the case" or "summary of the argument" sections, or when only passing references appear in the

argument section of an opening brief, particularly when the references are mere background to the appellant's main arguments or when they are buried within those arguments. *Id*. at 681-82.

A district court may grant compassionate release if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release. *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). When the district court finds that one of these three prongs is not met, it need not examine the other prongs. *Giron*, 15 F.4th at 1348.

A prisoner's medical condition is a possible extraordinary and compelling reason warranting a sentence reduction if she: (1) has a terminal disease; (2) is suffering from a physical or mental condition that diminishes her ability to provide self-care in prison and from which she is not expected to recover; (3) is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which she is at risk of serious deterioration in health or death; or (4) is at imminent risk of being affected by an ongoing outbreak of infectious disease or an ongoing public health emergency and has an increased risk of developing severe complications or death as a result of exposure to that disease. U.S.S.G. § 1B1.13(b)(1). Section 1B1.13 was most recently amended in November 2023. *See* U.S. Sentencing Commission, *Adopted Amendments (Effective November 1, 2023)*, Amendment 814.

24-12825                 Opinion of the Court                        5

Factors under § 3553(a) that the district court may consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, protecting the public from the defendant's crimes, and adequate deterrence. 18 U.S.C. § 3553(a). The district court need not address each of the § 3553(a) factors or all the mitigating evidence. *Tinker*, 14 F.4th at 1241. The "district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotation marks omitted).

Here, we summarily affirm the district court's order because McFarland's appeal is frivolous. McFarland's initial, operative brief wholly fails to address the district court's order denying her motion for summary judgment or the striking of her supplemental reply, which is the order she designated in her notice of appeal. Accordingly, she has abandoned any challenges to any of these rulings. *See Campbell*, 26 F.4th at 872-73.

Even if we were to consider McFarland's most recent brief, which is procedurally deficient and even if we were to liberally construe the scope of McFarland's appeal as including the district court's order denying her motion for compassionate release, her appeal would still be frivolous. In that brief, she again fails to address either the district court's denial of her motion for summary judgment or the striking of her supplemental reply and,

accordingly, has abandoned any challenges to those rulings. *See Campbell*, 26 F.4th at 872-73.  Though she argues that the district court decided her motion under the incorrect version of the Guidelines, her motion was both filed and decided under the November 1, 2023 Guidelines, which were both the version in effect at the time and the version in which § 1B1.13 was most recently amended. *See* U.S. Sentencing Commission, *Adopted Amendments (Effective November 1, 2023)*, Amendment 814.  McFarland mentions the § 3553(a) factors but does not directly and specifically argue that the district court abused its discretion in determining that a further sentence reduction would render her sentence inadequate to reflect the seriousness of her offense and was not warranted under the § 3553(a) factors when she had already received a significant downward variance.  *See Tinker*, 14 F.4th at 1241.  Finally, McFarland fails to meaningfully challenge the district court's finding that it "is not persuaded that BOP is not providing the necessary care for Defendant's medical conditions." Doc. 251 at 3.  Her reiteration of the arguments made in her initial motion for compassionate release is insufficient to plainly and prominently challenge the district court's finding that she fails to meet the requirements of § 1B1.13.  *See Giron*, 15 F.4th at 1345; *Sapuppo*, 739 F.3d at 680.

Accordingly, under any construction of the scope of her notice of appeal and under consideration of any of her filed briefs, her appeal is frivolous.  Thus, we grant the government's motion for summary affirmance. *See Groendyke*, 406 F.2d at 1162.

**AFFIRMED.**