**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-10518
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JUAN ANTONIO GARCIA,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cr-14044-AMC-1
_____

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Juan Antonio Garcia appeals his 310-month prison sentence after he pleaded guilty to attempted production of child

pornography and attempted enticement of a minor.  He also argues that he received ineffective assistance of counsel and asks us to consider that claim on direct appeal.  After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Garcia, a thirty-year-old police officer, befriended a fifteen-year-old boy who worked part-time on Garcia's food truck.  Garcia started texting the victim about sexual topics, requested naked pictures of him, and attempted to meet with him alone at the boy's home.  At least once, he requested an explicit video of the victim while on duty as a police officer.

Garcia was charged with attempted production of child pornography and attempted enticement of a minor.  He pleaded guilty to both.

The presentence investigation report calculated Garcia's base offense level as 32 for an offense involving production of child pornography.  It added six more levels for specific offense characteristics including the age of the victim, Garcia's supervisory position over him, and the use of a smartphone in the offense.  Garcia received a five-level enhancement for his pattern of prohibited sexual conduct and a three-level reduction for acceptance of responsibility.  Because Garcia had no criminal history, his criminal history category was I.  With a total offense level of 40 and a criminal history category of I, Garcia's advisory guideline range was 292 to 365 months' imprisonment.

The district court adopted the report and neither party objected. Before hearing Garcia's argument on sentencing, though, the district court pointed out a typo in the report. As the district court explained, one paragraph in the report incorrectly cited Garcia's offense level as 41 before his acceptance of responsibility reduction. The rest of the report—including the bold numbers used in the report's calculations—correctly listed it as 43. The district court clarified that the correct level was 43, instructed the probation officer to make that correction, and confirmed that the parties had no objection to the clarification. Garcia conceded that the mistake was an "obvious typo."

The district court imposed a 310-month prison sentence. Neither party objected at the sentence hearing to the district court's findings of fact or the manner in which the sentence was imposed. The presentence investigation report was fixed after the sentencing hearing.

Eight months later, Garcia moved to vacate his conviction and sentence under 28 U.S.C. section 2255, alleging ineffective assistance of counsel claims, including one based on his attorney's failure to file a notice of appeal. At first, the district court denied all the claims except the one based on the failure to file a notice of appeal, which it set for an evidentiary hearing. But then the parties agreed that Garcia should be allowed to appeal, so the district court vacated its order, granted the claim as to the notice of appeal without a hearing, and dismissed the other claims without prejudice to refile after his direct appeal was resolved. It also vacated the

judgment of conviction and sentence and reentered it with the same sentence so that Garcia could timely file a direct appeal, which he did.

## STANDARD OF REVIEW

We review for plain error a sentencing challenge raised for the first time on appeal. *Rosales-Mireles v. United States*, 585 U.S. 129, 132 (2018). Under plain error review, we have discretion to correct an error where the defendant demonstrates: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. *Id.* at 134–35. When the defendant shows these three elements, we may correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 135 (quotation marks and citation omitted).

An ineffective assistance of counsel claim is a mixed question of law and fact that we review de novo. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

## DISCUSSION

On appeal, Garcia argues that (1) the district court erred when it sentenced him based on a miscalculation of his offense level, and (2) we should consider his ineffective assistance of counsel claims on direct appeal. We disagree.

### *Presentence investigation report typo*

A miscalculation of the sentencing guideline range can constitute reversible plain error. *Rosales-Mireles*, 585 U.S. at 136–37,

145.  But there was no miscalculation here.  The district court correctly calculated Garcia's offense level as 43 before it applied a three-level reduction for acceptance of responsibility.  *See* United States Sentencing Guidelines §§ 2G2.1(a), 2G2.1(b)(1)(B), 2G2.1(b)(5), 2G2.1(b)(6)(B)(i), 3D1.2(b), 3E1.1(a)–(b), 4B1.5(b)(1) (Nov. 2021).  That meant a total offense level of 40.  The district court accurately categorized Garcia's criminal history as "I" because he had none.  *See* U.S.S.G. §§ 4A1.1, 5A.  With a total offense level of 40 and a criminal history category of I, Garcia's advisory guideline range was 292 to 365 months' imprisonment—exactly what the district judge said.  *See* U.S.S.G. § 5A.

Garcia maintains, however, that he "was under the impression" from counsel that his "base offense level" was 41, so the district court got his guideline range wrong.  But there was no miscalculation in Garcia's guideline range.  So there is no error—much less plain error—to correct.  Even if the typo was error, it certainly did not affect Garcia's substantial rights, because the district court did not rely on it in sentencing him.  *See Rosales-Mireles*, 585 U.S. at 134–35.

### *Ineffective assistance of counsel*

Garcia next argues that we should consider his ineffective assistance of counsel claims on direct appeal.  A defendant claiming ineffective assistance of counsel must show that (1) his trial counsel's representation "fell below an objective standard of reasonableness" and (2) "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

A section 2255 motion is the preferred vehicle for an ineffective assistance of counsel claim. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Padgett*, 917 F.3d 1312, 1316–17 (11th Cir. 2019). That is because a section 2255 motion can supplement the trial record, which alone is often "incomplete or inadequate" to establish the *Strickland* prongs. *Massaro*, 538 U.S. at 504–05. We have said, then, that where there are both collateral claims and a direct appeal, we "think the best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal[.]" *McIver v. United States*, 307 F.3d 1327, 1332 n.2 (11th Cir. 2002). That's what the district court did here.

Garcia nevertheless urges us to apply a narrow and inapplicable exception. In certain cases, where the "record is sufficiently developed" or the district court "entertain[ed] the claim," we will consider ineffective assistance of counsel claims on direct appeal. *Bender*, 290 F.3d at 1284. The record is not developed without evidence that suggests the defendant's counsel was ineffective. *United States v. Gbenedio*, 95 F.4th 1319, 1336–37 (11th Cir. 2024). Some indication that counsel's performance was deficient, without more, is not enough. *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010).

Here, we have neither a developed record nor district court findings. The only "evidence" Garcia points to in the record is related to his sentencing miscalculation claim. And there are virtually no district court findings to review, because the district court vacated its initial order denying all but one of Garcia's ineffective assistance of counsel claims. For these reasons, we follow our general practice and decline to consider his ineffective assistance of counsel claims on direct appeal.

**AFFIRMED**.