[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12077

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNY ALSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:99-cr-10035-KMM-1

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Kenny Alston, a federal prisoner proceeding *pro se*, appeals the district court's denial of his counseled motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and earlier partial grant of his motion for relief pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222.  He argues that the district court abused its discretion by finding that his medical conditions were not extraordinary and compelling reasons supporting compassionate release.  He also argues that the district court abused its discretion by not reducing his sentence to time served under § 404 of the First Step Act.  For the reasons discussed below, we affirm.

## I.

We review the denial of a motion for compassionate release for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  A court abuses its discretion by applying the wrong legal standard, following improper procedures in making its determination, making clearly erroneous findings of fact, or committing a clear error of judgment. *Id.* at 911–12.  We generally review errors that were not raised in the district court for plain error, and the appellant must establish that there was an (1) error (2) that was plain (3) affecting his substantial rights. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018).  To satisfy the third

prong, a defendant generally must show that there is a reasonable probability that the outcome of the proceeding would have been different if the error had not occurred. *Id.* at 1904–05. If those conditions are met, we exercise our discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1905. An issue not plainly and prominently raised on appeal or briefly raised without supporting arguments and authority is abandoned. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003); *United States v. Smith*, 967 F.3d 1196, 1204 n.5 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2538 (2021).

A court can modify a term of imprisonment if "extraordinary and compelling reasons" warrant the reduction and if the reduction is consistent with policy statements issued by the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement states that, if the defendant is not a danger to others, extraordinary and compelling reasons exist when the defendant is (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional impairment, or (3) experiencing deteriorating physical health because of the aging process, and one of the above substantially diminishes his ability to care for himself. U.S.S.G. § 1B1.13 cmt. n.1(A).

Even if a prisoner has a condition that increases his risk for severe coronavirus, that condition is not an extraordinary and compelling circumstance unless the condition satisfies the criteria in § 1B1.13 cmt. n.1(A). *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) ("[T]he only circumstances that can rise to the level

of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by Section 1B1.13."). For example, in *Harris*, we held that a district court did not abuse its discretion in determining hypertension was not an extraordinary and compelling circumstance where the Centers for Disease Control and Prevention stated that hypertension might increase a person's risk for severe coronavirus. *Harris*, 989 F.3d at 912.

Here, we conclude that the district court did not abuse its discretion by finding that Alston's medical conditions were not extraordinary and compelling circumstances. We note that, on appeal, Alston has abandoned several conditions he raised below and raises several new conditions, for which he has not shown plain error. *See Rosales-Mireles*, 138 S. Ct. at 1904–05; *Jernigan*, 341 F.3d at 1283 n.8. Additionally, Alston's hypertension was well-managed, his age was not a medical condition that can constitute an extraordinary and compelling circumstance, his osteoarthrosis did not increase his risk from coronavirus, and he was receiving coronavirus vaccinations. We therefore affirm as to this issue.

## II.

We review a court's denial of a sentence reduction under the First Step Act for an abuse of discretion. *United States v. Stevens*, 997 F.3d 1307, 1312 (11th Cir. 2021).

Appellants must specify the judgment or order from which the appeal is taken. Fed. R. App. P. 3(c)(1)(B). The notice of appeal

encompasses all orders that merge into the appealable order. Fed. R. App. P. 3(c)(4). Without an express statement limiting an appeal to a part of an order, specific designations do not limit the scope of the notice of appeal. Fed. R. App. P. 3(c)(6). An appeal cannot be dismissed for informality of form or title of the notice of appeal. Fed. R. App. 3(c)(7). We liberally construe Rule 3's requirements, especially when the appellant is *pro se*. *United States v. Padgett*, 917 F.3d 1312, 1316 (11th Cir. 2019). We liberally allow appeals from orders not stated in the notice of appeal if the unstated order was entered prior to the designated order, the orders are inextricably intertwined, and the appellee is not prejudiced. *See Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1313 (11th Cir. 2004); *McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986). A *pro se* brief filed within the time specified by Federal Rule of Appellate Procedure 4 that gives the notice required by Rule 3 is effective as a notice of appeal if it is the functional equivalent of a notice of appeal and indicates an intent to seek appellate review. *Smith v. Barry*, 502 U.S. 244, 248–49 (1992).

A defendant's appeal in a criminal case must be filed within fourteen days of the entry of the order being appealed. Fed. R. App. P. 4(b)(1)(A). Upon a finding of excusable neglect or good cause, a court may extend the time to file a notice of appeal up to thirty days from the expiration of the deadline otherwise prescribed. Fed. R. App. P. 4(b)(4). The deadlines in Rule 4(b) are not jurisdictional. *United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009). Rather, they are "mandatory claim-processing rules[s]." *Hamer v.*

*Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017). So if the appellee objects, an untimely appeal is due to be dismissed. *Lopez*, 562 F.3d at 1314.

Section 2 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372, altered the penalties for offenses involving cocaine base in violation of 21 U.S.C. § 841. *See* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). Section 404 of the First Step Act empowered courts to reduce a defendant's sentence as if the Fair Sentencing Act had been in effect at the time of the defendant's conviction.

Turning to the instant case, the government has objected in its brief that Alston's notice of appeal, which was signed on June 10, 2021, is untimely as to the district court's July 2020 order on Alston's motion seeking relief under § 404 of the First Step Act and should be dismissed. Because the government has not waived its objection to Alston's untimely notice of appeal, we apply the time limits of Rule 4(b) and conclude that his appeal as to his motion under § 404 of the First Step Act is untimely and must be dismissed. *See Lopez*, 562 F.3d at 1313.

**AFFIRMED IN PART; DISMISSED AS UNTIMELY IN PART.**