[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12112

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JERRY JOSEPH HIGDON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:03-cr-00043-WKW-1

_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Jerry Joseph Higdon, Jr., a federal prisoner proceeding *pro se*, appeals the district court's partial denial of his motion to reduce his sentence, brought under 18 U.S.C. § 3582(c)(2), its denial of his motion to "exonerate" him based on the court's lack of jurisdiction, and its denial of his motion to compel the government to respond to his motion to "exonerate."  On appeal, he argues that: (1) the district court erred in denying, in part, his motion to reduce his sentence because it should have converted his individual sentences to run concurrently, rather than consecutively, and it should have reduced his sentence on Count 10; and (2) the district court erred in denying his motion "to exonerate" and his motion to compel because the district court lacked jurisdiction to convict him.  After thorough review, we affirm.

I.

The relevant background is this.  In 2003, Higdon was convicted of three counts of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 2–4) and one count of committing a drive-by shooting in furtherance of a major drug trafficking offense, in violation of 18 U.S.C. § 36 (Count 10). The presentence investigation report ("PSI") found that his guideline range was life imprisonment, subject to statutory maximum terms of 40 years (480 months) as to each of Counts 2 through 4;

and 25 years (300 months) as to Count 10.  The district court sentenced Higdon to a total of 480 months' imprisonment as to each of Counts 2 through 4, each to run consecutively; and 300 months as to Count 10, to run consecutively.  His total sentence was 1,740 months or 145 years' imprisonment.  He challenged this sentence, without success, on direct appeal and in a subsequent motion to vacate his total sentence under 28 U.S.C. § 2255, which the district court denied on the merits.

Later, Higdon moved the district court to reduce his total sentence, to "exonerate" him and release him from imprisonment, and to compel the government to respond to his motion "to exonerate."  The district court granted his motion for a sentence reduction, in part, as to Counts 2–4, but denied it as to Count 10, reducing his total sentence from 145 years' imprisonment to 115 years' imprisonment.  The court denied his remaining motions.  Higdon now appeals.

## II.

We review *de novo* a district court's legal conclusions about the Sentencing Guidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2).  *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009).  However, we review arguments brought for the first time on appeal by criminal defendants for plain error only.  *See United States v. Anderson*, 1 F.4th 1244, 1268 (11th Cir. 2021); *see also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (holding that a § 3582(c)(2) motion is criminal in nature).  To establish plain error, the defendant must show (1) an error, (2) that is plain,

and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* For an asserted error to be plain, it must be clear from the plain meaning of a statute or constitutional provision, or from a holding of the Supreme Court or this Court. *United States v. Morales*, 987 F.3d 966, 976 (11th Cir.), *cert. denied*, 142 S. Ct. 500 (2021). We construe *pro se* pleadings liberally, but all litigants must comply with applicable procedural rules. *United States v. Padgett*, 917 F.3d 1312, 1316–17 (11th Cir. 2019).

When it comes to jurisdictional issues, we review the district court's legal conclusions *de novo* and, subject to certain exceptions not relevant here, its findings of fact for clear error. *Calderon v. Baker*, 771 F.3d 807, 810 (11th Cir. 2014). More generally, a district court has the inherent power to manage its docket, and we will review the exercise of that power for abuse of discretion. *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

III.

First, we are unpersuaded by Higdon's claim that the district court erred in denying, in part, his motion for a sentence reduction. Ordinarily, a district court may not modify a defendant's term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). However, a district court may reduce a defendant's sentence if the term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.*

§ 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1).  The defendant bears the burden of showing that he is entitled to this relief.  *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

The grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) are narrow.  *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012).  For a defendant to be eligible for a reduction, the Sentencing Commission must have amended the guideline at issue, that amendment must have lowered the defendant's sentencing range, and the amendment must also be listed in U.S.S.G. § 1B1.10(d).  *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & comment. (n.1(A)).  The applicable guideline range is a defendant's guideline range before any departures or variances.  U.S.S.G. § 1B.10 comment. (n.1(A)).  When determining the extent to which a reduction in a defendant's term of imprisonment is warranted under § 3582(c)(2), a court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced," but "shall leave all other guideline application decisions unaffected."  *Id.* § 1B1.10(b)(1).  Accordingly, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  *Hamilton*, 715 F.3d at 337 (quotations omitted).

Amendment 782 is one of the listed amendments that applies retroactively, so it may serve as the basis for a § 3582(c)(2)

motion to reduce sentence.  *Id.* § 1B1.10(a)(1), (d).  Amendment 782 revises the drug quantity tables in U.S.S.G. § 2D1.1, resulting in a two-level reduction to the base offense level applicable to most drug offenses.  *Id.* App. C, Amend. 782 (2014).  As relevant here, following Amendment 782, § 2D1.1 now provides a base offense level of 34 for offenses involving possession of between 10,000 and 30,000 kilograms of marijuana.  U.S.S.G. § 2D1.1(c)(2).  Accordingly, if Higdon were sentenced today, application of the same base offense level and enhancements he originally received would result in a total offense level of 42.  *See id.* §§ 2D1.1(b)(2) (two levels); 3B1.1(a) (four levels); 3C1.1 (two levels).  A defendant with a total offense level of 42 and criminal history category of I has a guideline range of 360 months to life imprisonment.  *See id.*, Sentencing Table.  The statutory maximum term of imprisonment under 18 U.S.C. § 36(b) is 25 years (300 months), and the maximum is 40 years (480 months) under 21 U.S.C. § 841(a)(1).  18 U.S.C. § 36(b); 21 U.S.C. § 841(b)(1)(B).

U.S.S.G. § 5G1.2(d) provides: "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment."  U.S.S.G. § 5G1.2(d).  A defendant's "total punishment" is calculated as follows: "[t]he combined length of the sentences ('total punishment') is determined by the court after determining the adjusted combined offense level and the Criminal History

Category and determining the defendant's guideline range on the Sentencing Table." *Id.* § 5G1.2(d), comment. (n.1). We have interpreted § 5G1.2(d) to "require[] that sentences run consecutively to the extent necessary to reach the defendant's guidelines range." *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006); *see also United States v. Sarras*, 575 F.3d 1191, 1208–09 (11th Cir. 2009).

The Supreme Court has indicated that a district court cannot, under § 3582(c)(2), modify a defendant's existing consecutive sentences to run concurrently. *See Dillon v. United States*, 560 U.S. 817, 831 (2010). There, the Supreme Court rejected the appellant's argument that the district court, in a § 3582(c)(2) proceeding, should have corrected the sentencing court's treatment of the Guidelines as mandatory, as well as its finding concerning his criminal history category. *Id.* It noted, in that respect, that "§ 3582(c)(2) does not authorize a resentencing . . . [because the] relevant policy statement instructs that a court . . . 'shall substitute' the amended Guidelines range for the initial range 'and shall leave all other guideline application decisions unaffected.'" *Id.* We have no binding precedent addressing whether a district court can, under § 3582(c)(2), modify a defendant's existing consecutive sentences to run concurrently.

Here, in his § 3582(c)(2) proceeding, Higdon did not raise his first claim on appeal -- that when it resentenced him, the district court should have reclassified his individual sentences for each count of conviction to run concurrent with, as opposed to consecutive to one another. Therefore, we review this claim on appeal

for plain error only. *See Anderson*, 1 F.4th at 1268. Under that standard of review, we can find no plain error because we have no binding precedent expressly determining whether a district court may modify a defendant's existing consecutive sentences to run concurrently. *See Morales*, 987 F.3d at 976 (holding that an error constitutes plain error where the error is clear from the plain meaning of a statute or constitutional provision, or from a holding of the Supreme Court or this Court). If anything, the Supreme Court has suggested that the district court lacked the discretion to convert Higdon's existing consecutive sentences to run concurrently, when it said that, in a § 3582(c)(2) proceeding, a district court must leave unaffected "all . . . guideline application decisions" other than an amended guideline range. *See Dillon*, 560 U.S. at 831.

Higdon also argues that the district court erred when it declined to reduce his sentence on Count 10, the count that charged him with committing a drive-by shooting in furtherance of a major drug trafficking offense, in violation of 18 U.S.C. § 36. Again, we disagree. As the record reflects, Higdon's amended total offense level of 42, when combined with a criminal history category of I, produced a guideline range of 360 months to life, which was still in excess of the 300-month statutory maximum that he was sentenced to under 18 U.S.C. § 36. This means that the amended guidelines did not change Higdon's guideline range as to Count 10, and the court lacked the authority to order a sentence reduction in that respect. *See Hamilton*, 715 F.3d at 337. Thus, the court did not err in denying Higdon's motion for a sentence reduction.

Similarly, we find no merit to Higdon's challenges to the district court's denial of his motion "to exonerate" or its denial of his motion to compel the government to respond to the motion "to exonerate." In construing *pro se* pleadings, federal courts must "look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). However, all litigants must comply with the applicable procedural rules, and we will not "serve as *de facto* counsel for a party or . . . rewrite an otherwise deficient pleading in order to sustain an action." *Padgett*, 917 F.3d at 1316–17. Further, while 28 U.S.C. § 2255 serves as the primary method of collateral attack on the validity of a federal sentence, *Jordan*, 915 F.2d at 629, if a petitioner does not receive authorization to file a second or successive petition, the district court lacks jurisdiction to consider it. *See United States v. Burton*, 549 U.S. 147, 153 (2007).

If the district court lacks subject matter jurisdiction, it has no power to render a judgment on the merits, and it must dismiss the claim without prejudice. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1234–35 (11th Cir. 2008). We may *sua sponte* modify a district court's judgment that is lawfully before us. 28 U.S.C. § 2106.

For starters, because Higdon's post-conviction "motion to exonerate" sought to invalidate his underlying convictions, it should have been construed as a § 2255 motion. *See Jordan*, 915 F.2d at 624–25, 629. Yet as a § 2255 motion, it was a successive one

the district court lacked jurisdiction to consider, because the district court had already denied Higdon's earlier § 2255 motion on the merits, and he did not receive our authorization to proceed with any new § 2255 motion. *See Burton*, 549 U.S. at 153. Thus, the district court lacked jurisdiction to consider his motion, and we affirm, construing the district court's order denying his motion "to exonerate" as a dismissal without prejudice for lack of jurisdiction. *See* 28 U.S.C. § 2106.

Finally, the district court did not abuse its discretion in denying Higdon's motion to compel the government to respond to his earlier motion "to exonerate," because the court was able to determine, without awaiting a response, that his legal arguments were meritless. Accordingly, we affirm.

**AFFIRMED.**