[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11903

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JERMAINE MICHAEL JULIAN,
a.k.a. Kid,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:07-cr-00009-JDW-TGW-1

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Jermaine Michael Julian, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release, after finding that he had failed to show either that he had exhausted his administrative remedies or that extraordinary and compelling circumstances or the 18 U.S.C. § 3553(a) sentencing factors supported his compassionate release. He argues that the district court abused its discretion in denying compassionate release without acknowledging that it could find that "other reasons" established extraordinary and compelling circumstances, and that it failed to consider two sworn declarations, including his own and that of Dr. Marc Stern, as evidence of his medical conditions and exhaustion of administrative remedies. He also contends that the court did not consider certain § 3553(a) factors, and its order denying compassionate release was insufficient to enable meaningful appellate review. Last, he argues that the court erred in declining to appoint counsel for him and, for the first time on appeal, that it should have considered his post-sentencing rehabilitation or provided funding for an expert witness.

The government responds by moving for summary affirmance of the district court's order and for a stay of the briefing schedule. It argues that Julian has forfeited any argument that the § 3553(a) factors, and specifically his post-sentencing rehabilitation, supported compassionate release. Further, it asserts that our

precedent limited the district court's consideration to the extraordinary and compelling circumstances in U.S.S.G. § 1B1.13, the court adequately explained the grounds for its decisions, and Julian's remaining challenges lack merit, due to which the appointment of counsel was not warranted.

Summary disposition is appropriate where, among other things, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

When appropriate, we will review a district court's denial of a prisoner's motion for modification of sentence under 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court's denial of motions for an expert witness and appointment of counsel are, when adequately preserved, also reviewed for an abuse of discretion. *Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir. 1999). An abuse of discretion occurs when a district court applies an incorrect legal standard, applies the law in an incorrect or unreasonable fashion, fails to follow proper procedures in making a determination, or makes clearly erroneous factual findings. *United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015). We may affirm on any ground supported by the record, *United States v. Gibbs*, 917 F.3d 1289, 1293 n.1 (11th Cir. 2019), and will not reverse on the basis of harmless error. *See United States v. Barton*, 909 F.3d 1323, 1337 (11th

Cir. 2018).  Moreover, although *pro se* filings are construed liberally, all litigants must comply with the applicable procedural rules. *See United States v. Padgett*, 917 F.3d 1312, 1316 n.3, 1317 (11th Cir. 2019).

Nevertheless, in a criminal case, we will still review arguments brought for the first time on appeal for plain error.  *See United States v. Anderson*, 1 F.4th 1244, 1268 (11th Cir. 2021). "Plain error occurs when (1) there was an error, (2) the error was plain or obvious, (3) the error affected the defendant's substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 1268–69.  To satisfy the plain error rule, an asserted error must be clear from the plain meaning of a statute or constitutional provision, or from a holding of the Supreme Court or this Court.  *United States v. Morales*, 987 F.3d 966, 976 (11th Cir. 2021), *cert. denied*, No. 21-5815 (U.S. Nov. 15, 2021).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits.  18 U.S.C. § 3582(c)(1)(B).  In 2018, Congress enacted the First Step Act, which, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners.  *See* Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").  The statute provides that a "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances.  18 U.S.C. § 3582(c).

In the context of compassionate release, the statute requires exhaustion of remedies and otherwise provides that:

> [T]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . *after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable*, if it finds that—*extraordinary and compelling reasons* warrant such a reduction.

*Id.* § 3582(c)(1)(A)(i) (emphasis added). Thus, we have held that a district court may reduce a term of imprisonment, under § 3582(c)(1)(A), "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted) (citing 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13). The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1237–38. Further, we have held that the exhaustion requirement of § 3582(c)(1)(A) is not jurisdictional, but is

instead a claims-processing rule the government may forfeit by failing to raise it. *Harris*, 989 F.3d at 911; *see also United States v. Campbell*, No. 16-10128, manuscript op. at 19 (11th Cir. Feb. 16, 2022) (*en banc*) (Noting that "forfeiture is the failure to make the timely assertion of a right").

Importantly, it is the defendant's burden to show that his circumstances warranted a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). We have not yet decided whether a movant's sworn declaration is evidence sufficient to meet his burden of showing extraordinary and compelling circumstances, particularly with regard to his medical conditions. *But see* Fed. R. Evid. 701 (providing that lay opinion testimony must be, among other things, "*not based on scientific, technical, or other specialized knowledge*" (emphasis added)).

The policy statements applicable to § 3582(c)(1)(A) are found in § 1B1.13. U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), and that the reduction is consistent with the policy statement. *See id.* § 1B1.13 & cmt. n.1. For example, commentary to § 1B1.13 lists a defendant's medical condition—to the extent it reflects a terminal illness or a serious condition substantially diminishing his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover—age, and family circumstances as possible "extraordinary and compelling reasons"

warranting a sentence reduction. *Id.* § 1B1.13 cmt. n.1(A)–(C). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.* § 1B1.13 cmt. n.1(D). We have held that, following the enactment of the First Step Act, § 1B1.13 continued to constrain a district court's ability to evaluate whether extraordinary and compelling reasons were present, and that "Application Note 1(D) [did] not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021).

We have also held that a district court does not abuse its discretion by denying compassionate release to an inmate with medical conditions that may increase the risk of death or severe medical complications from COVID-19 where the inmate's conditions do not fall within the policy statement's stated medical conditions. *See United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (holding there was no abuse of discretion where the district court, after adopting the government's response in full, found no extraordinary and compelling reasons because the inmate's "high cholesterol, high blood pressure, and coronary artery disease were manageable in prison, despite the existence of the COVID-19 pandemic").

The § 3553(a) factors include, among other things, the nature and circumstances of the defendant's offense, his history and characteristics, the need to protect the public from further crimes of the defendant, and the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a). While a district court need not "exhaustively analyze" each § 3553(a) factor or articulate its findings in great detail, it must provide sufficient analysis of all applicable § 3553(a) factors for meaningful appellate review. *Tinker*, 14 F.4th at 1240–41. The court need not address each factor or all of the mitigating evidence, and we may affirm a sentence if the district court considered "a number of" the factors, such as the nature and circumstances of the offense and the defendant's history of recidivism. *Id.* at 1241 (quotation marks omitted).

Section 3582(c)(1)(A) also requires that any reduction be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. Section 1B1.13 states that the district court, in addition to determining that extraordinary and compelling circumstances support compassionate release, must also determine that the defendant is not a danger to the safety of others or to the community, as provided in 18 U.S.C. § 3142(g), and that the reduction is consistent with the policy statement. *Id.*

We have held that there is no constitutional or statutory right to counsel in postconviction proceedings. *See United States*

*v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009) (concluding that there is no constitutional or statutory right to counsel in an 18 U.S.C. § 3582(c)(2) proceeding). In the context of a civil case, appointment of counsel is "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quotations and alteration omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Id.* We have indicated that the following factors should be considered when determining whether "exceptional circumstances" exist: (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (adopting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

In certain contexts, due process may also require appointment of expert services. *See Moore v. Kemp*, 809 F.2d 702, 711–12 (11th Cir. 1987) (*en banc*) (declining to decide whether due process mandates the appointment of non-psychiatric experts under *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985)). In *Moore*, we stated that due process requires appointment of an expert when there is "a reasonable probability both than an expert would be of assistance to the

defense and that denial of expert assistance would result in a fundamentally unfair *trial.*" *Moore*, 809 F.2d at 712 (emphasis added and footnote omitted).

As initial procedural matters, we will assume, *arguendo*, that Julian has properly preserved an argument concerning the district court's analysis of the § 3553(a) factors. With argument and citations to authority in support, he identifies his history and characteristics, and the need to provide adequate medical care and correctional treatment, as two § 3553(a) factors the court allegedly failed to consider, and he has thus preserved that challenge. Further, while he did not raise his arguments concerning post-sentencing rehabilitation or the *funding* of an expert witness (as opposed to the appointment of counsel for the purpose of hiring an expert) below, they are still reviewable for plain error. *See Anderson*, 1 F.4th at 1268.[1]

Nevertheless, we conclude that summary affirmance is appropriate on the substantive grounds identified by the district court. We need not resolve whether Julian's sworn declaration, without more, was sufficient to meet his burden of showing

---

[1] The government appears to have forfeited the issue of exhaustion by failing to raise it below. *See Harris*, 989 F.3d at 911. Nevertheless, despite Julian's arguments that the district court erred in finding that he had not exhausted his administrative remedies, any error the district court, *arguendo*, may have committed in this respect was harmless because it properly found, in the alternative, that compassionate release was substantively inappropriate. *See Gibbs*, 917 F.3d at 1293 n.1; *Barton*, 909 F.3d at 1337.

extraordinary and compelling circumstances, because it only identified the medical condition of heart disease, which he did not state he was unable to manage while incarcerated.[2] Instead, he stated that he was awaiting consultation with a cardiologist but was unable to protect himself from the spread of COVID-19, which is insufficient to show extraordinary and compelling circumstances. *See Giron*, 15 F.4th at 1346. Further, his argument that the district court should have considered the "anti-stacking" provision or any "other reasons" outside of § 1B1.13 is foreclosed by our precedent. *See Bryant*, 996 F.3d at 1248. Thus, the district court did not abuse its discretion in finding that he failed to demonstrate extraordinary and compelling circumstances, and summary affirmance—as to the substantive showing required for compassionate release—is proper on that basis alone.[3] *See Tinker*, 14 F.4th at 1237–38.

Moreover, Julian's argument that the district court should have appointed counsel lacks merit because there was no right to counsel in the instant § 3582 proceeding, *see Webb*, 565 F.3d at 794–95, and his compassionate release motion did not involve complex legal or factual issues, s*ee Kilgo*, 983 F.2d at 193. Finally,

---

[2] Additionally, Dr. Stern's declaration did not address Julian's health conditions, and appears to have been prepared in an entirely different case, making it irrelevant to whether Julian could show extraordinary and compelling circumstances.

[3] Because the district court properly found that Julian failed to demonstrate extraordinary and compelling circumstances, we need not address his arguments concerning the § 3553(a) factors. *See Tinker*, 14 F.4th at 1237–38.

Julian's argument that the court should have provided funds for him to retain an expert fails on plain error review because of the lack of precedent holding that a defendant is entitled to expert testimony in the context of compassionate release. *See Morales*, 987 F.3d at 976.

Thus, the government's position is clearly correct as a matter of law, no substantial question remains as to the outcome of the case, and summary affirmance is appropriate. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Therefore, we GRANT the government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule.