[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14322

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DOUGLAS VILLEGAS,
a.k.a. Loko,
a.k.a. Loco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:18-cr-00507-LMM-JEM-1

—————————————

Before JILL PRYOR, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Douglas Villegas appeals his total sentence of 161 months following his conviction for conspiracy to possess with intent to distribute heroin and at least 50 grams of methamphetamine. Villegas argues that the government breached his plea agreement by recommending that his sentence be served consecutively despite orally promising at the plea hearing that it would take no position on the issue. Villegas also argues that the district court erred in imposing a consecutive sentence because it did not consider the mitigating factor of his personal growth during incarceration. Villegas further argues that his district court counsel ineffectively assisted him, acting more as a prosecutor than as a zealous advocate. Having read the parties' briefs and reviewed the record, we affirm Villegas's sentence.

**I.**

Villegas's plea agreement contained an appeal waiver. An appeal waiver does not bar a defendant's claim that the government breached the plea agreement. *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015). We ordinarily review *de novo* whether the government breached a plea agreement. *United States v. Malone*, 51 F.4th 1311, 1318 (11th Cir. 2022). However, when a defendant did not raise an alleged breach of the plea agreement

before the district court, we review for plain error.  *Id.*  We find plain error only when (1) an error has occurred, (2) the error was plain, (3) the error affected the defendant's substantial rights, and (4) the error seriously affected the fairness of the judicial proceedings.  *Id.* at 1319.  If all factors are established, we may exercise our discretion to correct the error.  *Id.* at 1319-20.

A defendant's substantial rights are affected if the error "affected the outcome of the district court proceedings."  *Id.* at 1319. (quotation marks omitted).  In challenging a sentence, this requires the defendant to show that there is a "reasonable probability" that his sentence would be different.  *See United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005); *Dell v. United States*, 710 F.3d 1267, 1276 (11th Cir. 2013) (stating that the party challenging the error bears the burden of proof).  "[W]here the effect of an error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden." *Rodriguez*, 398 F.3d at 1301.

The record indicates that Villegas fails to meet the burden of plain error in establishing that the government breached his plea agreement.  We need not determine if the government's recommendation for a consecutive sentence, even though it was withdrawn, constituted breach because the third element of plain error review—that such a breach affected Villegas's substantial rights—is not met.  *See Malone*, 51 F.4th at 1319.  The district court's clear statements on the record strongly indicate that it would have imposed a consecutive sentence regardless of the government's

opinion on the matter.  The district court stated that it wanted to ensure that Villegas be punished separately for his federal crimes, and it acknowledged that might not happen with a concurrent sentence.  Furthermore, the Sentencing Guidelines, although not mandatory, provide that a district court impose consecutive sentences when the instant offense was committed during a defendant's term of imprisonment.  *See* U.S.S.G. § 5G1.3(a).  Thus, in the absence of a reasonable probability that his sentence would have been different, Villegas has failed to demonstrate plain error based upon the government's alleged breach of the plea agreement.  *See Rodriguez*, 398 F.3d at 1299; *Malone*, 51 F.4th at 1319.

## II.

We review the imposition of a consecutive sentence for abuse of discretion, and the resulting sentence must be reasonable. *United States v. Covington*, 565 F.3d 1336, 1346-47 (11th Cir. 2009). Under the abuse-of-discretion standard, we must examine "the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted).  The proper factors for considering whether a sentence is unreasonable are set out in

18 U.S.C. § 3553(a) and include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(1)-(6).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks omitted). The district court may "attach great weight" to any single factor or combination of factors. *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013) (quotation marks omitted). Further, when determining the defendant's sentence, a district court is "free to consider any information relevant to [the defendant's] background, character, and conduct." *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010) (quotation marks omitted). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in [§] 3553(a) is sufficient" to indicate that the district court properly considered the relevant factors. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007).

The record demonstrates that Villegas's claim fails on the merits because the district court did not abuse its discretion in

imposing a consecutive sentence on Villegas.[1]  The district court stated that it considered the relevant § 3553(a) factors, including Villegas's personal history, deterrence, and incapacitation. The district court had the discretion to attach great weight to the need to punish Villegas for the commission of the instant offense, particularly because of the provision in the Sentencing Guidelines recommending consecutive sentences for such offenses committed during incarceration.  *See Clay*, 483 F.3d at 743; *Overstreet*, 713 F.3d at 638; U.S.S.G. § 5G1.3(a).

We "will vacate a sentence as substantively unreasonable only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Woodson*, 30 F.4th 1295, 1308 (11th Cir.) (quotation marks omitted), *cert. denied*, ___ U.S. ___,143 S. Ct. 412 (2022).  Because the district court considered all the proper factors and did not consider any improper ones, and in the absence of a clear error of judgment in weighing those factors, the district court did not abuse its discretion.  *See Irey*, 612 F.3d at 1189.

### III.

---

[1] Thus, because Villegas's claim fails on the merits, we need not address whether the claim is barred by his appeal waiver.  *See United States v. St. Hubert*, 909 F.3d 335, 346 n.7 (11th Cir. 2018), *abrogated on other grounds by United States v. Taylor*, 596 U.S. 845, 859, 142 S. Ct. 2015, 2025 (2022).

The merits of a claim of ineffective assistance of counsel present a mixed question of law and fact that we ordinarily review *de novo*. *Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005). For claims of ineffective assistance of counsel, a convicted defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

However, our precedent "require[s] the district court to have the opportunity to examine ineffective-assistance claims before" we review them. *United States v. Padgett*, 917 F.3d 1312, 1316 (11th Cir. 2019). Accordingly, we have held that, "except in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal." *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (alteration accepted) (quotation marks omitted). Rather, the proper venue for a federal defendant presenting an ineffective-assistance claim is a collateral attack presented in a § 2255 proceeding where necessary evidence on the performance and prejudice prongs of *Strickland* can be presented. *Id.*

We conclude that the record is not sufficiently developed for us to adjudicate Villegas's claim of ineffective assistance of counsel. *See id.* Any such claim Villegas wishes to raise would best be raised in a § 2255 motion, where he would have the opportunity to properly request an evidentiary hearing on his claim. *See id.* Thus,

we decline to consider Villegas's claim of ineffective assistance of counsel.

Accordingly, based on the aforementioned reasons, we affirm Villegas's sentence of 161 months' imprisonment.

**AFFIRMED.**